**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ROSEBUD SIOUX TRIBE,** a federally recognized Indian Tribe,<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 05-1023L**<br><br>**Judge James F. Merow** |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, III, 4 of the Rules of the United States Court of Federal Claims, the Parties hereby submit the following Joint Preliminary Status Report:

**A. Does the Court have jurisdiction over the action?**

Plaintiff, yes.

Defendant believes this Court has no jurisdiction over Plaintiff's claims concerning the United States' approval of the Land Lease and Plaintiff's claims concerning the United States' subsequent declaration that the approval of the Land lease was void because such claims are barred by the statute of limitations. With respect to any remaining claims, Defendant believes this Court has no subject matter jurisdiction over those claims because Plaintiff has not alleged violations of statutes or regulations that, fairly interpreted, mandate compensation to the Tribe.

**B. Should the case be consolidated with any other case and the reasons therefor?**

The Parties are not aware of any other case with which this action should be consolidated.

**C. Should trial of liability and damages be bifurcated and the reasons therefor?**

The Parties believe that it is premature to determine whether bifurcation is appropriate

because Defendant intends to file a motion for judgment on the pleadings. Defendant believes that there will be nothing remaining after a ruling on its motion; both Parties believe that if a claim remains, it may well be isolated and narrow enough that bifurcation, while often appropriate, would not be in the interests of judicial economy.

**D. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefor?**

The Parties agree that there is no other case pending before this Court or any other tribunal that would warrant deferral of this matter.

**E. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?**

The Parties agree that there is no reason to anticipate that a remand or suspension will be sought in this action.

**F. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

The Parties do not anticipate joining additional parties.

**G. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?**

Defendant intends to file a motion under RCFC 12(c) on or before May 22, 2006, and the Parties have agreed to the following briefing schedule: Plaintiff agrees to file its response to Defendant's RCFC 12(c) motion by June 16, 2006, and Defendant agrees to file its reply brief on by June 30, 2006. The Parties agree that discovery should be deferred until after a ruling on the dispositive issues presented by the motion under RCFC Rule 12(c).

**H. What are the relevant factual and legal issues?**

Because Defendant intends to file a RCFC 12(c) motion, the Parties agree that the relevant factual issues will depend upon the outcome of Defendant's motion. Depending upon how Defendant's motion is resolved, the Parties intend to supplement this Joint Preliminary Status Report at that juncture, if necessary, to specifically identify any relevant factual issues. The Parties further agree that the relevant legal issues to be resolved are:

1. Whether Plaintiff has alleged conduct by Defendant during prior litigation and settlement negotiations that violates statutes or regulations that, fairly interpreted, mandate compensation to the Tribe.
2. Whether Plaintiff's claims related to the United States' approval of the Land Lease and Plaintiff's claims concerning the United States' subsequent declaration that the approval of the Land lease was void are barred by the statute of limitations.
3. Whether Plaintiff's claims are barred by the doctrine of laches.
4. Whether Plaintiff has failed to mitigate its alleged damages.
5. Whether Plaintiff's claims state a cause of action for which relief can be granted.

**I. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

Plaintiff has expressed to Defendant an interest in exploring settlement, and Defendant expressed to Plaintiff a willingness to entertain any reasonable offer of settlement. The Parties intend to continue to explore settlement opportunities, but have not contemplated the use of alternative dispute resolution at this juncture.

**J. Do the parties anticipate proceeding to trial? Does any party or do the**

**parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor?**

At this juncture, the Parties intend to first seek a resolution on the RCFC 12(c) motion that Defendant anticipates filing. Defendant contends that this action will be resolved by its initial dispositive motion and that the matter will not proceed to trial. Assuming *arguendo*, that anything of the Complaint remains, the Parties anticipate that cross-motions for summary judgment would likely resolve this action without trial. The specific nature of any scheduling that would be necessary for trial, if any claim has survived, is premature at this time given the nature of the issues to be presented in Defendant's RCFC 12(c) motion which, if successful, will dispose of the entire matter.

**K. Are there special issues regarding electronic case management needs?**

The Parties do not believe that there are any special issues regarding electronic case management needs.

//

//

//

//

//

//

//

//

//

**L. Is there other information of which the court should be aware at this time?**

At this time, the Parties are not aware of any additional information which may assist this Court with regard to this matter.

Dated: April 5, 2006

Respectfully submitted,

s/Caroline M. Blanco
CAROLINE M. BLANCO
D.C. Bar No. 430118
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0248
Fax: (202) 305-0267
E-mail: caroline.blanco@usdoj.gov

John Turner
Assistant Chief
U.S. Department of Justice
Environment and Natural Resources Division
Indian Resources Section
P.O. Box 44378
L'Enfant Plaza Station
Washington, DC 20026-4378
Telephone: (202) 514-9257
Fax: (202) 305-0271
E-mail: john.turner@usdoj.gov

OF COUNSEL:
Maria Wiseman
Attorney-Advisor
Branch of Trust Resources
Division of Indian Affairs
Office of the Solicitor, Mail Stop 6456
U.S. Department of the Interior
1849 C Street, N.W.
Washington, D.C. 20240
(202) 208-7227 Telephone
(202) 219-1791 Fax

Attorneys for Defendants

s/Mark F. Marshall, by Caroline M. Blanco

MARK F. MARSHALL
206 W. 14th Street
P.O. Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Fax: (202) 335-3639
E-mail: mmarshall@dehs.com

Attorney for Plaintiff