IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROSEBUD SIOUX TRIBE,<br>a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 05-1023 L<br><br>Judge James F. Merow<br><br>**SETTLEMENT AGREEMENT** |

## I. RECITATIONS

WHEREAS, multiple actions were brought concerning a land lease ("Land Lease") to develop a large hog farm located on tribal trust land of the Rosebud Sioux Tribe ("Tribe"), including the instant litigation brought by the Tribe against the United States on September 23, 2005;

WHEREAS, to prevent future conflict and litigation, the Tribe and the United States (collectively referred to herein as "the Parties") now seek a full and final resolution of all claims raised in the Complaint and seek to release and dispose of all claims and allegations raised in the Complaint by means of this Settlement Agreement;

WHEREAS, the Parties have respectively determined that this Settlement Agreement is in their best interests;

WHEREAS, the Tribe, pursuant to a motion of the Tribal Council dated September 24, 2007, a copy of which is attached hereto, has approved this Settlement Agreement, and the United States, through its Departments of the Interior and Justice, and lawfully authorized representatives thereof, has likewise approved this Settlement Agreement; and

WHEREAS, through this settlement, the United States does not admit any allegation of fact or law set forth in the Tribe's Complaint.

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

## II. SETTLEMENT TERMS

1. In exchange for a full, complete and final settlement, compromise, discharge, resolution, and extinguishment of all rights, claims, or demand, whether legal, equitable, or of any other character, which were brought or which were knowable and could have been asserted in the Complaint against the United States, its agencies, officers, and instrumentalities, including the Tribe's claim for its attorney's fees and litigation costs, the United States agrees to pay the Tribe the sum of $50,000 ("the Settlement Proceeds"). The United States further agrees to submit all necessary documentation for initiation of disbursement processing by the General Accounting Office for payment of the Settlement Proceeds within thirty (30) days of receipt of an Order of Dismissal with Prejudice by the United States Court of Federal Claims pursuant to this Settlement Agreement;

2. As of the date this Settlement Agreement is fully executed, the Tribe hereby covenants that it will not file any challenges against the United States whatsoever concerning the Land Lease; and

3. In exchange for the agreed-upon terms set forth above, the Tribe, on behalf of the Parties, shall file with the court, an executed version of the Joint Motion for Dismissal of the Complaint with Prejudice, and the [Proposed] Order, attached hereto as "Exhibit A," within fifteen (15) days of the final execution of this Settlement Agreement. Any order entered by the court granting the Parties' Joint Motion for Dismissal of the Complaint with Prejudice shall completely and finally dispose of all claims, demands, based on any theory of recovery or

liability asserted or not asserted by the Tribe, arising out of, or in any way connected with, a fiduciary duty of the United States concerning the issues raised in the Complaint. In the event the court does not dismiss this matter with prejudice, this Settlement Agreement shall become null and void.

4. This Settlement Agreement is a compromise and settlement of the Tribe's claims and shall not be construed as an admission by the United States of any legal or specific monetary liability as to any or all of the Tribe's claims and shall not be interpreted to constitute, or be used to advance, a precedent or argument in this or any other case or proceeding of whatever nature. Nor shall any provision of this Settlement Agreement constitute an admission of fact or law by any party. Moreover, while this is a full and final settlement of all claims raised in the Tribe's Complaint, this Settlement Agreement shall not constitute a final adjudication of the merits of such claims contained therein;

5. No provision of this Settlement Agreement shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341;

6. The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind the respective Parties to the terms of this Settlement Agreement. This Settlement Agreement will be deemed to be fully executed and shall become effective when it has been signed by the representatives of all Parties set forth below;

7. This Settlement Agreement embodies the entire agreement of the Parties concerning settlement of the matters described above; and

8. The Parties acknowledge representation by counsel throughout all negotiations which preceded and culminated in the execution of this Settlement Agreement. Each of the Parties hereto further warrants for itself that it has read all of this Settlement Agreement, has discussed it with its respective attorneys and fully understands it.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed by their duly authorized representatives on the dates so indicated below.

ROSEBUD SIOUX TRIBE

Dated: 10/02/07

By ______________________
Rodney Bordeaux, Its President

ATTEST:

______________________
Secretary

Dated: 10/11/2007

______________________
Mark F. Marshall
Davenport, Evans, Hurwitz & Smith, L.L.P.
206 West 14th Street
PO Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Facsimile: (605) 335-3639
E-mail: mmarshall@dehs.com
*Attorneys for Plaintiff, Rosebud Sioux Tribe*

Dated: November 15, 2007

Daniel G. Steele
US Department of Justice
Environment & Natural Resources Division
General Litigation Section
PO Box 663
Washington, DC 20044-0663
Telephone: (202) 305-0484
Facsimile: (202) 305-0506
E-mail: daniel.steele@usdoj.gov

John Turner
Assistant Chief
U.S. Department of Justice
Environment and Natural Resources Division
Indian Resources Section
P.O. Box 44378
L'Enfant Plaza Station
Washington, DC 20026-4378
Telephone: (202) 514-9257
Fax: (202) 305-0271
E-mail: john.turner@usdoj.gov

**Mark Marshall - FW: MOTION EXCERPT**

**From:** Eric Antoine <ejantoine@hotmail.com>
**To:** "Mark Marshall Davenport, Evans Hurwitz & Smit" <mmarshall@dehs.com>
**Date:** 9/24/2007 4:46 PM
**Subject:** FW: MOTION EXCERPT

---

From: bhoward@gwtc.net
To: ejantoine@hotmail.com
Subject: FW: MOTION EXCERPT
Date: Mon, 24 Sep 2007 14:11:44 -0500

---

*Rosebud Sioux Tribe*

SICANGU OYATE
PO BOX 430
ROSEBUD, SOUTH DAKOTA 57570
Phone 605-747-2381 • Fax 605-747-2243

Rodney M. Bordeaux
President
Louis Wayne Boyd
Vice President
Mary Greaves
Treasurer
Gerri Night Pipe
Secretary
Lenard Wright
Sergeant-at-Arms

DATE: September 24, 2007

TO: Eric Antoine, Tribal Attorney

FROM: Gerri Night Pipe, RST Secretary

RE: RSTC Motion Excerpt

The following motion was made and passed in a duly called meeting of the Rosebud Sioux Tribal Council held on August 19. 2007.

Motion by Fern Bordeaux/Boltz to authorize the President of the Tribe to sign the settlement agreement for the attorney fees. Seconded by Jo A. Colombe. Questioned by Steve DeNoyer, Jr. Vote: 11 in favor, 0 opposed and 2 not voting. **MOTION CARRIED.**

---

More photos; more messages; more whatever – Get MORE with Windows Live™ Hotmail®. NOW with 5GB storage. Get more!